United States District Court
Southern District of Texas
**ENTERED**
May 04, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH RAY SOWELL, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-20-1492 |
| | § | |
| TDCJ, *et al.*, | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, a state inmate proceeding *pro se* and seeking leave to proceed *in forma pauperis*, files this section 1983 lawsuit for permanent injunctive relief. He names as defendants the Texas Department of Criminal Justice ("TDCJ") and the "Estelle Medical Department." Having screened the complaint pursuant to sections 1915 and 1915A, the Court **DISMISSES** this lawsuit for the reasons explained below.

**I. BACKGROUND AND CLAIMS**

Plaintiff claims that TDCJ and the Estelle Medical Department are deliberately indifferent to his serious medical needs by not testing all inmates for COVID-19. (Docket Entry No. 1, p. 2.) He does not allege that he is an "at risk" inmate with any serious medical vulnerabilities, nor does he claim to have any actual deterioration in his medical condition or physical health. He further alleges that, on April 23, 2020, inmates from the Beto Unit with confirmed or suspected COVID-19 infections were transferred to the Estelle Unit and housed on his cell wing. Plaintiff claims that housing the

"suspected" Beto Unit inmates in his cell wing constituted deliberate indifference to his health and safety. He does not state that he is forced to be in close contact with or otherwise directly exposed to the Beto Unit transferees.

Plaintiff asks the Court to issue an injunction ordering all Estelle Unit inmates to be tested for COVID-19 and that Beto Unit transferees be moved to a separate facility.

## II. SOVEREIGN IMMUNITY

Plaintiff names as defendants TDCJ and the Estelle Medical Department, and brings his claim for injunctive relief directly against the state agency under section 1983. He names no individual officers or employees as defendants.

The Eleventh Amendment provides that the State of Texas and its agencies are immune from liability. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). Thus, the Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. TDCJ is an agency of the state, and as such is normally shielded from suits by individuals absent its consent. *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). The Estelle Medical Department is a department of the Estelle Unit, which is a part of TDCJ. Plaintiff does not allege or show that TDCJ as a state agency has waived immunity as to his section 1983 lawsuit seeking injunctive relief for deliberate indifference under the Eighth Amendment, and the Court finds no legal authority to support such waiver.

Plaintiff's claims against TDCJ and the Estelle Medical Department are **DISMISSED WITHOUT PREJUDICE** as barred by the Eleventh Amendment.

## III. EXHAUSTION

The Prison Litigation Reform Act of 1996 ("PLRA") requires prisoners to exhaust "such administrative remedies as are available" before filing suit in federal court to challenge prison conditions. 42 U.S.C. § 1997e(a). This obligation to exhaust available remedies is mandatory, *Woodford v. Ngo*, 548 U.S. 81, 83–84 (2006), but not jurisdictional. *Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010) ("[A] prisoner's failure to exhaust administrative remedies does not deprive courts of subject matter jurisdiction.").

TDCJ grievance procedures require that inmates complete a two-step grievance process before their claim is considered exhausted. *Rosa v. Littles*, 336 F. App'x 424, 428 (5th Cir. 2009) (citing *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004)). Inmates must first file a Step One grievance within fifteen days of the alleged incident. *Rosa*, 336 F. App'x at 428. They may then appeal an adverse Step One grievance decision by filing a Step Two grievance. *Id*.

Although prisoners are not required to plead or demonstrate exhaustion in their section 1983 complaints, a court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust. *Bock*, 549 U.S. at 212, 214–15 (holding that courts can dismiss for failure to state a claim when the existence of an affirmative defense is apparent from the face of the complaint). In the instant case, plaintiff's factual allegations make clear that he filed this lawsuit one day after the Beto Unit prisoners

were transferred to the Estelle Unit. The Court takes judicial notice of the fact that established TDCJ grievance procedures cannot be exhausted within one day or even commenced within one day in a manner reasonably sufficient to allow prison officials to take any necessary action to alleviate the grieved complaints.

Plaintiff's factual allegations on the face of his complaint are sufficient to allow the Court to dismiss without prejudice plaintiff's claims for failure to state a claim based on failure to exhaust. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("[A] court can dismiss a case prior to service on defendants for failure to state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust.").

However, before dismissing this lawsuit for failure to exhaust, the Court will consider whether plaintiff has pleaded factual allegations giving rise to an exception to exhaustion. The Supreme Court recognizes that section 1997e(a) has a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Ross v. Blake*, ___ U.S. ____, 136 S. Ct. 1850, 1855 (2016). The Supreme Court has explained that the ordinary meaning of "available" is "capable of use for the accomplishment of a purpose." *Id*. at 1858 (quoting *Booth v. Churner*, 532 U.S. 731, 737 (2001)). Thus, an inmate is required to exhaust only those grievance procedures that are capable of use to obtain some relief for the action complained of. *Id*. at 1859.

In *Ross*, the Supreme Court identified three examples of circumstances "in which an administrative remedy, although officially on the books, is not capable of use to obtain relief": (1) when the procedure "operates as a simple dead end," such that the procedure is not " 'capable of use' for the pertinent purpose," (2) when the procedure is "so opaque that it becomes, practically speaking, incapable of use," and (3) when prison administrators thwart the use of the procedure "through machination, misrepresentation, or intimidation." *Id*. at 1859–60.

Significant judicial attention has been given the issue of exhaustion during the COVID-19 crisis in context of federal "Compassionate Release" statutory provisions. The "Compassionate Release" statute effectively allows courts to release federal inmates to home confinement, following statutory exhaustion, for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). Whether exhaustion under section 3582 can be waived in light of the COVID-19 crisis is an unsettled issue. The Fifth Circuit Court of Appeals recently suggested that section 3582's exhaustion requirement is "not absolute and it can be waived by the government or by the court" in certain circumstances. *Valentine v. Collier*, 2020 WL 1934431, at *7–8 (5th Cir. Apr. 22, 2020) (Higginson, J., concurring).

In stark contrast, the issue of an emergency exception to PLRA section 1997e(a) exhaustion requirements in light of the COVID-19 pandemic has garnered scant judicial attention, even though the issue is no less crucial for state inmates.

TDCJ has promulgated Correctional Managed Health Care (CMHC) Infection Control Policy B-14.52, which establishes prison-wide procedures to address the COVID-19 pandemic on a systemic basis.[1] However, prisoners are still required to utilize TDCJ's lengthy administrative grievance procedures to address personal needs and concerns. These grievance procedures are too measured and inflexible to meet the emergency needs of individual prisoners on a case-by-case basis during critical times.

The Court is well aware of the concerns and fears engendered by COVID-19, especially for prisoners who have little control over their immediate environment. In light of the alarming speed with which COVID-19 continues to spread throughout the states and their prison systems, TDCJ's administrative grievance procedures are not "capable of use" to obtain the swift and particularized relief needed by vulnerable, high-risk state prisoners. Where the circumstances present an imminent danger to an inmate, TDCJ's time-consuming administrative procedure, which TDCJ may choose to extend at will, presents no "possibility of some relief." *Ross*, 136 S. Ct. at 1859.

Nevertheless, plaintiff's situation here shows no imminent danger that would lead the Court to find TDCJ's grievance procedures not capable of use and thus unavailable in his case. Plaintiff seeks permanent injunctive relief based on deliberate indifference to his serious medical needs, but he pleads no serious medical needs. He sets forth no factual allegations showing that he is at substantial and excessive risk of severe illness

[1]https://www.tdcj.texas.gov/divisions/cmhc/docs/cmhc_infection_control_policy_manual/B-14.52_Attachment_A-L.pdf (last visited May 3, 2020).

and even death from COVID-19 at the Estelle Unit. Nor does he allege that he is being subjected to forced or unavoidable close contact with Beto Unit COVID-19-positive transferees. In short, plaintiff's generalized concerns regarding COVID-19 do not give rise to a colorable claim for deliberate indifference predicated on lack of unit-wide testing and transfer of the Beto Unit prisoners. The Court concludes that, in this instance, the TDCJ grievance procedures were an available remedy for plaintiff and that he was obligated to exhaust his grievances prior to bringing his lawsuit.

Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim predicated on failure to exhaust.

## IV. CONCLUSION

For the above reasons, this lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted under section 1983. Any and all pending motions are **DENIED AS MOOT**.

Signed at Houston, Texas, on this the 4th day of May, 2020.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE